# IN THE COURT OF APPEALS OF IOWA

No. 20-1576
Filed February 3, 2021

**IN THE INTEREST OF M.W.,**
**Minor Child,**

**N.L., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

A mother appeals the permanency order entered in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Magdalena Reese of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., Mullins, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

A mother appeals the permanency order entered in a child-in-need-of-assistance (CINA) proceeding that placed the child in a guardianship. The mother requested an extension of time to work on reunification with the child. We find it is not likely the child could be returned to the mother's care within six months and it would not be in the child's best interests to further delay the case. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

N.L., mother, and K.W., father, are the parents of M.W., born in 2004. The mother is married to D.L., and they have two children together, L.L., born in 2011, and I.L., born in 2013.[1] The children were removed from the home on November 6, 2019, due to N.L. and D.L.'s use of methamphetamine. There were also allegations of domestic violence and that D.L. physically abused the children. This case involves only M.W., who was placed with the maternal grandparents.

The child was adjudicated CINA, pursuant to Iowa Code section 232.2(6)(c)(2) (2019). In March 2020, the maternal grandmother developed medical issues and was no longer able to care for the child. I.L. and L.L. were returned to the care of the mother. M.W. was placed with her biological father for a short period of time. In April, the child was placed with a paternal cousin, where she has remained.

The mother had a substance-abuse evaluation and no treatment was recommended. A drug patch worn in July was negative for all substances. The

---

[1] D.L. also has two children from a previous relationship that lived in the home. They were placed in a guardianship with their grandmother.

mother began participating in therapy for mental-health issues. The mother and D.L. denied there were incidents of domestic violence in their relationship. The mother participated in visitation with the child. The Iowa Department of Human Services (DHS) reported "[the child] has cancelled some visits with [D.L. and the mother], claiming each time that incidents had occurred that caused her to want distance before returning."

M.W., who was a teenager, was diagnosed with an adjustment disorder with depressed mood. She attended weekly therapy sessions. She stated that she wanted to remain living with the paternal cousin and did not want to return to the mother's care. She stated her life with the paternal cousin was more stable and routine. The child wanted to continue to have visits with the mother. However, she reported that she had been physically abused by D.L. and did not feel safe around him.

A permanency hearing was held on November 18. The mother asked for a six-month extension to work on reunification. She stated she wanted to work on family therapy with the child. The State and the guardian ad litem (GAL) recommended that the child be placed in a guardianship with the paternal cousin. The GAL stated, "I do not believe that it's reasonably likely that [the child] would be ready for a full return within six months."

The juvenile court placed the child in a guardianship with the paternal cousin. At the hearing, the court stated:

> Now, I don't know if the parties realize it, but a guardianship is not a permanent type of situation. I would hope that through therapy and visitation, possibly the guardianship could end in the future, or it could be a situation that all the parties will be getting along so well that there will be some back and forth movement and not

necessarily in a negative way, but in a positive way with the children spending some time with Mom and Dad. So I'm not going to extend it for another six months as to permanency. This appears to be in the best interest of the children.

The mother appeals the decision of the juvenile court.

## II.     Standard of Review

Our review of CINA proceedings is de novo. *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.     Discussion

The mother contends the juvenile court should have granted her an extension of six months rather than entering a permanency order placing the child in a guardianship. The mother states that she and the child could participate in family therapy sessions. She points out that the two younger children, I.L. and L.L. were returned to her care. The mother acknowledges, however, that the circumstances for this child were different, as she did not want to return to the home of her mother and step-father.

Under section 232.104(2)(b), the juvenile court may continue a child's placement for an additional six months. In order to grant a six-month extension, the court must make a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We consider whether it is likely the need for removal will continue to exist after six months. *In re L.H.*, 949 N.W.2d 268, 272 (Iowa Ct. App. 2020). "The judge considering [an extension of time] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted

from an already shortened life for the child[] in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). If a child has already been out of the home for more than twelve months, "we view the proceedings with a sense of urgency." *Id.* An extension should be granted only if it is in the best interests of a child. *In re R.C.*, 523 N.W.2d 757, 760 (Iowa Ct. App. 1994).

The juvenile court considered the mother's progress and request for an extension of time and determined it was not likely the child could be returned to the mother's care within six months. *See* Iowa Code § 232.104(2)(b). The child claimed she had been physically abused by D.L. and wanted to stay in her current placement. Both the mother and D.L. denied the abuse. The mother continued in her relationship with D.L. The child's safety concerns in this case would remain after six months because the mother saw no reason to make any changes. Additionally, the child needs a more stable and secure environment than the mother can provide. The mother and child need further therapy. We find an extension of time under the facts of this case would not be in the child's best interests. *See R.C.*, 523 N.W.2d at 760.

We affirm the juvenile court's decision placing the child in a guardianship.

**AFFIRMED.**